THE UNITED STATES DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ℓ-91-324 |
| v. | ) | Docket #92-5644 |
| | ) | |
| BRUCE THOMAS | ) | Civil Action No. |
| Petitioner | ) | |

---

### PETITION FOR A MODIFICATION OF SENTENCE

---

Comes Now Mr. Bruce Thomas acting Pro Se, respectfully petitions this honoroble court to grant his motion for 3582 Modification of Sentence pursuant to amendment 709 effective date Nov 1, 2007 of Rule 4A1.2(a)(2) (Definitions and Instructions For Computing Criminal History).

Thomas request if this court can make a determination whether to count his multiple prior sentences as a single sentence.

Thomas also request if this court can grant him relief despite this amendment not being made retroactive and/or listed as a "covered amendment" for purposes of retroactivity.

Mr. Thomas asserts that the prior convitions that the district court relied on to enhance his sentence under the Armed Career Criminal Act 4B1.4 should be terminated if the court finds that his multiple state convictions are to be counted as a single sentence.

The petitioner request that this court reveiw his motion for 3582 and to grant him relief according to the facts of case.



## STATEMENT OF FACTS

The United States District Court Of Maryland found Mr.Thomas guilty of Felon in Possession of a Firearm pursuant to rule 922(g)(1) with four prior convictions. The court relied on these prior convictions to enhance the petitioner pursuant to 924(e)(1), and sentenced him to 280 months. All of Thomas' appeals were denied. He was represented by counsel Mr. Michael Citeramatis. None of his previous appeals pertained to this issue at bar.

## STATEMENT OF CASE

On 8/1/81 Thomas was apprehended by the Pleasentville Police Dept of The State Of New Jersey for Aggravated Assault. He was questioned by officers and released without any action taken by the court. The matter was unajudicated, There was no plea or trail hearing, and or plea of nolo contendere. The case was closed according to the petitioner's knowledge.

On 8/5/81 The petitioner was apprehended by the same police dept for Attempted Burglary. He was taken to the station questioned and released without any action taken by the court. The matter was not adjudicated, there was no plea or trial hearing and or plea of nolo contendere. The case was closed according the petitioner's knowledge.

A warrent was placed out for Thomas' arrest for a burglary offense that occured on 9/1/81. Once Thomas was apprehended for this warrent, he was also arrested for the two previous offenses of Aggravated Assault and Attempted Burglary. He was also charged with an additional count of burglary by confession. He was convicted and sentenced on 2/5/82 to a term of 5 years 3 years minimum. All counts were ran concurrent. He was sentenced for

these offenses all on the same day.

## DISCUSSION

Thomas asserts that his multiple convictions were not separated by intervening arrests within the meaning of 4A1.2(a)(2), and that his previous apprehensions for Aggravated Assault and Attempted Burglary were not a result of an actual arrests within the meaning of 4A1.2(a)(1)and(2) of the U.S. Sentencing Guidelines 2007.

The petitioner asserts that the dates the Presentence Investigation Report reflects as being the actual dates of arrests for the two offenses mentioned above was not adjudicated by guilt by a plea before a court, judge, trial, or plea of nolo contendere.

These above dates of arrests reflected in petitioner's PSI were used to separately calculate his Criminal History Points.

According to Amendment 709 Effective date of amendment is Nov 1, 2007 at 4A1.2 (a)(1) where the U.S. Guidelines makes clear the term "prior sentence" which states that: "the term prior sentence means any sentence previously imposed upon adjudication of guilt, whether by guilty plea,trial, or plea of nolo contendere, for conduct not part of the instant offense."  4A1.2(a)(1) makes clear that the arrests dates reflected in the petitioner's PSI cannot count as an intervenig arrests within the meaning of 4A1.2(a)(2) basically because the petitioner was released without any such hearing as stated in the above rules.

The U.S. Guidelines also makes clear again when it furthur states at 4A1.2(a)(4) second paragraph:

> "Conviction of an offense" for the purposes of this provision, means that the guilt of the defendant has been established, whether by guilty plea,trial

3.

or by plea of <u>nolo contendere</u>.

The Nov 1,2007 U.S. Guidelines at 4A1.2(a)(2) makes clear that if there were no intervening arrests and the defendant was sentenced on the same day, the prior sentence cannot count as a separate conviction. Therefore according to these rules made clear for (Definitions and Instructions for Computing Criminal History) via The "clarifying" Amendment 709 effective date Nov 1,2007. the petitioner asserts that his prior conviction should count as a single sentence within the meaning of 4A1.2(a)(1),(2)and(4) at second paragraph.

**Finally Thomas asserts that he was arrested on November 29,1981 for all the above mentioned offenses on the same day and was adjudicated before a court and sentenced for all the above offenses on the same day.**

Thomas requests that this honorable court according to the facts stated above find that his prior sentence should not be counted separately.

<u>Consideration Inspite of Retroactivity</u>

As of the date of this motion filed, Amendment 709 have not been included as one of the "covered amendments" to be made retroactive. However, this amendment was created to clarify the previous terms of 4A1.2 (Definitions and Instructions for Computing Criminal History) in use by district courts.

Before this amendment 709 became effective on Nov 1,2007, the language within this rule 4A1.2 were being misinterpreted and misapplied in previous decisions in case law. This language have also persuaded the petitioner from seeking relief in this area of case law. Had the petitioner sought to file a 2255 or a 3582 or added this issue in his direct appeal he would've been denied. On the other hand had these terms were made clear at the time of the petitioner's previous filings pursuant to this new amendment 709, Thomas may've received relief. The law makes clear that courts can give retroactive effect to a "clarifying (as opposed to substantive) amendment regardless of whether it is

4.

listed in the U.S.S.G. 1B1.10. See U.S. v Capers 61 F.2d 1100,1109 (4th Cir 1995 cert denied, 517 U.S. 1211, 116 S.ct 1830, 134 L.ed 2d 936 (1996).

The petitioner asserts that because the amendment clarified the existing application not, rather than effecting a substantive change in the law, he asks this honorable court to make a determination whether or not he is entitled to relief and modification of his sentence.

The petitioner requests that if this court cannot grant him relief pursuant to this uncovered amendment 709, the petitioner request if his petition can remain on file with this court in case retroactivity is applied to this amendment on a later date.

## CONCLUSION

The petitioner request if this court can review his petition and the case law at bar along with the new amendment 709 making clear the terms in 4A1.2(a)(2) and to count his prior state sentences as a single sentence.

The petitioner finally requests if this court can consider the length of time the petitioner has been incarcerated and grant him relief in light of the facts above.

Respectfully Submitted

Bruce Thomas

Bruce Thomas
FCI Fairton
P.O. Box 420
Fairton N.J. 08320

5.